**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.**

**No. 71–1427.**

United States Court of Appeals, Fourth Circuit.

Nov. 16, 1971.

W. F. Hazen and Taylor, Hazen, Bryant & Kauffman, Richmond, Va., on brief for appellant.

Buford M. Parsons, Jr., and May, Garrett & Miller, Richmond, Va., on brief for appellee.

Before BOREMAN, Senior Circuit Judge, and CRAVEN and RUSSELL, Circuit Judges.

PER CURIAM:

Nationwide Mutual Insurance Company brought this action for a declaratory judgment against United States Fidelity and Guaranty Company and others to determine the respective liability and obligation of each of the two insurance companies with respect to a claim for personal injuries sustained by one Mrs. Atkins in an automobile accident.

Mrs. Atkins was a passenger in an automobile, owned by her and driven by her husband, which was in a collision with an automobile owned by Odell Joseph Redd, negligently operated by Donald P. Daniel, and insured by U. S. F. & G. under a standard automobile liability policy. Nationwide insured the Atkins automobile and provided the Uninsured Motorist's coverage required by Virginia law. U. S. F. & G. answered the complaint, asserting the defense that Daniel did not have Redd's permission to operate the latter's automobile at the time of the accident and that Daniel was not entitled to coverage under its policy.

The case was tried to the court without a jury and there was a sharp and direct conflict in the evidence as to how Daniel happened to be operating Redd's automobile at the time of the accident and for approximately five hours prior thereto. The district judge resolved the conflict, announcing from the bench his

finding that Daniel was operating the Redd automobile with the insured owner's permission at the time of the accident and stating his conclusion that the coverage provided by U. S. F. & G.'s policy was extended to Daniel. In response to a comment from U. S. F. & G.'s counsel the judge made the further statement:

"Well, I find that he [Daniel] had express permission and in the alternative he had express permission to take that car to find the Rice house and he was still looking for the Rice House, or at the very least he was looking for the owner, and had implied permission to do that. I am not surprised. They were drunk, and it is as simple as that. But I just didn't believe your man [Redd]."

Findings of fact shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. Rule 52(a) Fed.R.Civ.P.

Affirmed.